# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kandypens, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Puff Corp., a Delaware corporation,<br><br>Defendant. | Case No. 2:20-cv-00358 GW (KSx)<br><br>**STIPULATED PROTECTIVE ORDER** |
| Puff Corp., a Delaware corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>Kandypens, Inc., a Delaware corporation,<br><br>Counterclaim-Defendant. | |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Stipulated Protective Order ("Stipulation") filed on March 26, 2020, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 4(e), 5(c), 6, 7, 13, and 19 of the Stipulation.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Kandypens, Inc. ("Kandypens" or "Plaintiff") and Defendant and Counterclaimant Puff Corp. ("Puffco" or "Defendant") (collectively, the "Parties"), by and through their respective counsel of record in this action (the "Action"), hereby stipulate and agree that discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Such confidential and proprietary materials and information consist of, among other things, trade secrets, confidential business, technical, or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including potentially information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes,

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated for tactical reasons and that nothing be designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Additionally, the Parties are direct competitors in their industry who are both involved in the ongoing improvement of existing products and development of new products. A two-tier protective order, in which some information exchanged in discovery will not be permitted to be shared with the parties' competitive decision-makers or those involved in product development and patent prosecution, is necessary to protect the Parties' competitive interests.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1. This Stipulated Protective Order shall apply to all materials, documents and information (including copies, excerpts and summaries of such materials, documents, and information) designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under Paragraph 2 below, and produced by any party or non-party during the course of the Action, including materials, documents and information produced pursuant to Rules 26, 33, or 34 of the Federal Rules of Civil Procedure, or by informal request or agreement, answers to interrogatories and requests for admissions, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as

1 "Discovery Materials"). The parties acknowledge that this Order does not confer
2 blanket protections on all disclosures or responses to discovery and that the
3 protection it affords from public disclosure and use extends only to the limited
4 information or items entitled to confidential treatment under applicable law. The
5 Parties further acknowledge, as set forth below, that this Stipulated Protective Order
6 does not entitle them to file confidential information under seal; Civil Local Rule
7 79-5 sets forth the procedures that must be followed and the standards that will be
8 applied when a party seeks permission from the Court to file material under seal.

9       2. Any information disclosed in discovery by a party or non-party may be
10 designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL" by any party
11 or non-party in good faith. For the purposes of this Stipulated Protective Order:

12       a. "CONFIDENTIAL" means material that: (i) has not already been
13 made publicly known by the party, (ii) the party in the ordinary course of business
14 does not or would not disclose to third parties except in confidence, or (iii) that the
15 party is under a preexisting obligation to maintain as confidential or private.

16       b. "HIGHLY CONFIDENTIAL" means material that constitutes,
17 reflects or discloses information that has not already been made publicly known by
18 the producing party and is of a proprietary business or technical nature that could be
19 of value to a competitor or potential customer of the party and/or cause harm to the
20 competitive position of the producing party. Examples of such information or
21 materials include, but are not limited to, non-public financial data, marketing,
22 technical, or business plans, documents that would reveal trade secrets or business
23 strategy, specifications and design documents, schematics, flowcharts, object
24 diagrams, source code, blueprints, drawings, data, information relating to future
25 products, or confidential agreements or relationships with third parties. Such
26 information also includes information pertaining to customers that is not publicly
27 available, including but not limited to private consumer information that contains
28 identifying, contact, or private financial information.

Any party may seek an amendment to the Protective Order to designate confidential documents and information in addition to the categories described in this Paragraph 2 before production of any such documents and information. The parties agree to meet and confer in good faith and attempt to reach an agreement on any request by a party to designate such additional categories of confidential documents or information. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing shall be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

3. "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" Discovery Materials shall not be disclosed by any means to any person or entity for any purpose whatsoever except the prosecution or defense of this Action.

4. "CONFIDENTIAL" Discovery Materials may only be disclosed to the following persons:

a. Attorneys of record or in-house or retained counsel for the Parties in the Action and the staff of their respective law firms or in-house legal departments working on this case, including all partners and associate attorneys of such attorneys' law firms or in-house counsels' legal departments and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on Action, all of whom shall be bound by this Stipulated Protective Order;

b. Experts or consultants for each side retained for the purpose of assisting counsel in the prosecution or defense of this Action or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such

assistance or testimony (plus such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert), and provided that the expert, consultant or other personnel are not competitors of, or are employed by competitors of, the party that owns the "CONFIDENTIAL" Discovery Materials, and will not gain any competitive advantage by having access to the "CONFIDENTIAL" Discovery Materials;

  c. Named Parties or the Parties' officers, directors, partners and employees whom counsel in good faith believes are reasonably necessary to assist counsel in this case;

  d. Persons noticed for depositions or designated as trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony or counsel's preparation of their case, and provided that such persons are not third party/non-party competitors of, or employed by third party/non-party competitors of, the party that owns the "CONFIDENTIAL" Discovery Materials, and will not gain any competitive advantage by having access to the "CONFIDENTIAL" Discovery Materials;

  e. The Court and Court personnel ~~to whom disclosure is reasonably necessary for this litigation~~;

  f. Stenographic reporters and videographers engaged for depositions or other proceedings necessary for the conduct of this case;

  g. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Action;

  h. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

  i. Outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this Action; and

j. Any person who created, authored or received the particular information sought to be disclosed to that person.

5. "HIGHLY CONFIDENTIAL" Discovery Material may only be disclosed to the following persons:

a. Attorneys of record or in-house or retained counsel for the parties in the Action and the staff of their respective law firms or in-house legal departments working on this case, including all partners and associate attorneys of such attorneys' law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on the Action, all of whom shall be bound by this Stipulated Protective Order;

b. Experts or consultants for each side retained for the purpose of assisting counsel in the prosecution or defense of this Action or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (plus such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert), and provided that the expert, consultant or other personnel are not competitors of, or employed by competitors of, the party that owns the Restricted Discovery Materials, and will not gain any competitive advantage by having access to the Restricted Discovery Materials;

c. The Court and Court personnel ~~to whom disclosure is reasonably necessary for this Action~~;

d. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Action;

    e. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

    f. Stenographic reporters and videographers engaged for depositions or other proceedings necessary for the conduct of this case; and

    g. Any person who created, authored or previously received the particular HIGHLY CONFIDENTIAL information sought to be disclosed.

  Except as permitted above, "HIGHLY CONFIDENTIAL" Discovery Materials shall not be furnished, shown or disclosed to the Parties or Parties' officers, directors, partners and employees. But such materials may be used to examine any author(s) or recipient(s) of the document, employees of the designating party, or expert witnesses for the designating party who have been provided the "HIGHLY CONFIDENTIAL" Discovery Materials.

  6. Nothing in this Stipulated Protective Order shall prohibit disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material in response to compulsory process (e.g., subpoena) or the process of any governmental regulatory agency. If any person subject to this Stipulated Protective Order, including a person subject to a Confidentiality Agreement under this Stipulated Protective Order, is served with such process or receives notice of any subpoena or other discovery request seeking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material, such person shall promptly notify the Designating Party of such process or request, shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose protected material may be affected, and shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order. **Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

  7. Before disclosing "CONFIDENTIAL" Discovery Materials to persons

within the categories in Paragraphs 4(b), (d), (g), (i) and (j) above, the attorney disclosing the materials shall advise such persons of the restrictions of this Stipulated Protective Order and obtain written assurance in the form attached as Exhibit A that such person will be bound by its provisions. ~~By signing this Stipulated Protective Order, counsel shall bind the parties whom they represent.~~ Counsel for the party seeking to disclose "CONFIDENTIAL" Discovery Materials to any person pursuant to Paragraphs 4(b), (d), (g), (i) and (j) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of the Protective Order.

  8. Before disclosing "HIGHLY CONFIDENTIAL" Discovery Materials to persons within the categories in Paragraphs 5(b), (d) and (g) above, the attorney disclosing the materials shall advise such persons of the restrictions of this Stipulated Protective Order and obtain written assurance in the form attached as Exhibit A that such person will be bound by the provisions of the Protective Order. By signing this Stipulated Protective Order, counsel shall bind the parties whom they represent. Counsel for the party seeking to disclose "HIGHLY CONFIDENTIAL" Discovery Materials to any person pursuant to Paragraphs 5(b), (d) and (g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of the Protective Order.

  9. All "CONFIDENTIAL" Discovery Materials shall be designated and marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to their production. All "HIGHLY CONFIDENTIAL" Discovery Materials shall be designated and stamped "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" prior to their production. In the event that a party inadvertently fails to designate any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials, the producing party may

9
STIPULATED PROTECTIVE ORDER

1 thereafter make such a designation by notifying the receiving party in writing, and
2 the initial failure to so mark material shall not be deemed a waiver of its
3 confidentiality.

4     10. In connection with the taking of any deposition in the Action:

5         a. The party who noticed or requested the deposition shall, prior to
6 the commencement of testimony at such deposition, serve a copy of the Protective
7 Order in the Action upon the officer reporting the deposition. Such officer shall
8 acknowledge service of a copy of the Protective Order in the Action, and shall agree
9 that he/she, his/her employees, and his/her agents shall be bound by the terms of the
10 Order, and shall make no use or disclosure of "CONFIDENTIAL" or "HIGHLY
11 CONFIDENTIAL" Discovery Materials unless expressly permitted by the terms of
12 the Protective Order in the Action, or by the express consent of all parties and any
13 designating person who are or may become subject to the provisions of the
14 Protective Order in the Action. Such officer shall provide copies of the deposition
15 transcript or deposition exhibits only to attorneys for the parties and, if the
16 deposition is of a third person or entity, to that deponent or his/her attorney unless
17 otherwise agreed by the disclosing entity.

18         b. Counsel for any party hereto may, either during any such
19 deposition or within thirty days of receipt of the transcript, designate any specific
20 portion of the deposition transcript along with the deposition exhibits, as
21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material. If the
22 deposition is of a third person or entity not joined herein, that third person or entity
23 may use the same designation process set forth in this Paragraph.

24         c. Relating to deposition testimony, the witness or his counsel may
25 invoke the provisions of the Protective Order in the Action by stating on the record
26 during the deposition that specific testimony relating to or containing
27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information given at the
28 deposition is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." No

person shall attend those portions of the depositions designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless such person is an authorized recipient of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information under the terms of this Protective Order, or in the event the parties have agreed to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material to examine a non-party witness who has refused to sign the form specified in Paragraph 7 or 8, above, whichever is applicable. Any court reporter who transcribes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony in the Action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony is and shall remain as such and shall not be disclosed except as provided in this Protective Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, and will be retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

        d.     Counsel for the person being deposed shall, within thirty days after the transcript has been received by such counsel, be permitted to designate any portions of the transcript which contain testimony concerning "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials and not so designated during deposition testimony, which portions after such designation shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials. In the event a party discloses information later designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to an entity or person not listed in Paragraphs 4 or 5, as applicable, that party will have those documents returned to the party and take all reasonable and appropriate steps to ensure that the material does not become publicly available.

    11.     When a party to this Stipulated Protective Order designates the

testimony (including proposed testimony) of a person being deposed as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material, and objection is made to such designation, such testimony shall not be withheld because such objection has been made to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.  Such testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material, as designated, until a stipulation or order on motion that it should not be so treated.

12. A privilege or protection is not waived by disclosure connected with the Action.  If a party inadvertently produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the producing party must immediately notify all Parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information.  Within five business days of receiving such notification, and in compliance with the receiving parties' ethical obligations under the law, all receiving parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof.  However, should a receiving party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the receiving party has already reviewed, the receiving party may temporarily retain the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted.  Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the receiving party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

13. All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" Discovery Materials submitted to or filed with the Court in the Action shall be lodged or

submitted for filing **with an application to file under seal in accordance with this Court's Local Rule 79-5, and that application should provide the requisite showing, based on competent evidence, of "good cause" or "compelling reasons" for an order sealing.** ~~If filing under seal is ordered, such materials shall only be available to the Court and persons authorized by the Protective Order in the Action.~~ A party that seeks to file under seal any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials must comply with the local rules, standing orders, and/or chambers guidelines applicable to filing sealed documents. If a Party's request to file "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information under seal is denied by the court, then the filing party may file the information or documents in the public record unless otherwise instructed by the court.

14. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their client and, in the course thereof, relying generally on the examination of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to paragraph 15 or 16 below.

15. Nothing in this Order shall restrict the use or disclosure by any party of its own CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials.

16. Except for persons identified in subparagraphs 4(a),(c),(e), and (h) and 5(a),(c),(e), and (g) above, no person authorized under the terms of this Order to receive access to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials shall be granted access to them until such person has read this Order and agrees in writing to be bound by it per the form attached hereto as Exhibit A. Upon order of this Court, for good cause shown, these written agreements (Exhibit A) shall be available for inspection by counsel for other parties or nonparties.

17. All CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery

Materials produced in this Action, whether by a party or nonparty, and whether pursuant to Federal Rule of Civil Procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of the Action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions. Furthermore, for a period of two years from the conclusion of this Action, no attorney or other individual who has received or viewed HIGHLY CONFIDENTIAL Discovery Material under this Order shall have any involvement in patent prosecution related to the same or substantially similar subject matter as the patent-in-suit or the accused product in the Action;

18. The provisions of this Order shall continue to apply to all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials and information after the Action has been terminated. After final disposition of the Action (which is defined as the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law), within 120 days of a written request by the designating party, the receiving parties, at their election, shall either return or destroy all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain their respective litigation files, including motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contains protected material or other paper filed with the Court. Alternatively, the Parties and/or any producing party may agree in writing upon appropriate methods of destruction. Work product and

attorney-client privileged material is exempt from this provision.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced or designated the documents not more than 150 days after final termination of the Action.  The producing party agrees to make CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials reasonably available to other outside counsel if requested for the purpose of establishing a claim or defense on behalf of the counsel in a controversy between counsel and the party, to establish a defense to a criminal charge or civil claim against counsel based upon conduct in which the party was involved, to respond to allegations in any proceeding concerning the counsel's representation of the party, or pursuant to court order.

19. In the event a party objects to the other party's designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, the objecting party shall initiate the dispute resolution process under Local Rule 37-1. If the Parties are unable to agree on the proper designation of the material, the objecting party may bring a motion, subject to the procedures of Local Rule 37-2, to the Court for a ruling that the material shall not be so designated.  If such a motion is made, the designating party has the burden of establishing that each designation is proper.  If no such motion is made, the material will retain its designation.  Any documents or other material that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated as such until such time as the Court to whom this matter is assigned rules that such materials should not be treated as designated, or in the case of "HIGHLY CONFIDENTIAL" Discovery Material, should instead be treated as "CONFIDENTIAL." **The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in this Court.**

20. This Order may be modified by the Court upon stipulation of the Parties or on the motion of any party.  This Order shall remain in effect after the

termination of this Action by final judgment, dismissal or otherwise.

21. Nothing contained in this Order, nor any action taken in compliance with it, shall:

    a. Operate as an admission by any party that any particular document or information is, or is not, confidential;

    b. Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of the Action;

    c. Prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials; or

    d. Prejudice the right of any party to assert any privilege or protection against disclosure, including a trade-secret privilege.

22. This Order is intended to facilitate discovery of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials for which the only objection to disclosure or production is confidentiality. Each party reserves the right to object to any disclosure of information or production of documents on any other ground it may deem appropriate. Any party may move for relief from, or for general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

23. Non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information, may rely on this Order and apply it to their production.

24. Independent experts and consultants authorized to view information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of the Protective Order may retain custody of such copies as are necessary for their participation in this Action. Other appropriate recipients receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery

Materials from counsel shall not retain copies of such materials but instead shall either destroy such materials or return them to counsel within a reasonable period of time after counsel has determined in good faith that the recipient's assistance in the Action is no longer needed.

25. The parties and any other person obtaining access to "CONFIDENTIAL" Discovery Materials pursuant to the Protective Order in the Action agree that the Court shall retain jurisdiction following judgment or dismissal to enforce the terms hereof.

26. The attorneys of record are responsible for employing reasonable measures to control the duplication of, access to, and distribution of copies of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials. Parties shall not duplicate any such materials except for working copies and for filing in court under seal. The attorneys of record are responsible for employing reasonable measures to control the dissemination or revelation of confidential information.

27. If some of the same information or materials that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Order are found in a publicly available forum without violating the Order in the Action, then such information or materials shall no longer be subject to the restrictions of the Order in the Action.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: March 27, 2020

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## TO STIPULATED PROTECTIVE ORDER

1. I, _____, of _____, declare under penalty of perjury under the laws of the United States of America that I have read the Stipulated Protective Order entered in <u>Kandypens, Inc. v. Puff Corp.</u>, Case No. 2:20-cv-00358-GW-KS, and agree to be bound by its terms with respect to any documents, material, or information designated or marked "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" that are furnished to me.

2. I agree to not disclose any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials to anyone except as permitted by the Protective Order.

3. I agree to not make copies of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Materials furnished to me except as permitted by the Protective Order.

4. I agree to return all documents or materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to the attorney who presented this form to me within 60 days after the conclusion of this Action, whether by dismissal, final judgment, or settlement.

5. I consent to venue and jurisdiction in the United States District Court for the Central District of California with regard to any proceedings to enforce the terms of the Protective Order, even if such enforcement proceedings occur after termination of the Action. I hereby appoint (name) _____ located at (address) _____ as my California agent for service of process in connection with the Action or any proceedings related to enforcement of this Protective Order.

Date: _____ Signature: _____

City and State where sworn and signed: _____