UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 20-358-GW (KSx)                                             Date: May 3, 2021

Title   *Kandypens, Inc. v. Puff Corp.*

---

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: NON-PARTY SHO PRODUCTS, LLC'S FAILURE TO COMPLY WITH SUBPOENA**

In this patent infringement action, Defendant/Counterclaimant Puff Corporation ("Puffco") has asserted counterclaims for patent infringement against competitor Plaintiff/Counterclaim Defendant Kandypens regarding certain vaporizing device technology. (Defendant Puff Corp.'s Amended Counterclaims at ¶¶ 4-16 [Dkt. No. 40].) Specifically, Puffco alleges that Kandypens "impermissibly copied the design and function of the Puffco Peak® when creating the [Kandypens] Oura [device]." (*Id.* at ¶ 19.)

In order to obtain discovery concerning distribution of the Oura product, on December 21, 2020, Defendant Puff Corporation ("Puffco") issued a subpoena for production of documents to non-party SHO Products (the "Subpoena") who is believed to distribute the Oura via its website. (*See* PuffCo Motion to Compel ("Motion to Compel") [Dkt. No. 88] and Declaration of Colin D. Dailey ("Dailey Decl.") ¶¶ 3-4 [Dkt No. 88-1]).) On that same date, Puffco served Plaintiff Kandypens with a notice of intent to serve the Subpoena. (Dailey Decl. ¶ 4.) Puffco was unable to serve SHO Products' registered agent for service of process but successfully served a manager of SHO Products with the Subpoena on December 23, 2020 at the business address identified on the Statement of Information filed with the California Secretary of State's Office. (*Id.* ¶¶ 5-7).) The deadline for SHO Product's document production and response to the Subpoena was January 8, 2021. (Motion to Compel, Ex. A.) SHO Products did not respond to the Subpoena and refused to communicate with Puffco's counsel regarding the Subpoena. (*Id.* ¶¶ 9-12.)

\\
\\

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-358-GW (KSx)                                                            Date: May 3, 2021

Title    *Kandypens, Inc. v. Puff Corp.*

**PROCEDURAL BACKGROUND**

On January 21, 2021 PuffCo filed a Notice of Motion and Motion to Compel Non-Party SHO Products, LLC to Respond to Subpoena ("Motion to Compel").  (Dkt. No. 88.)   SHO Products  LLC filed no opposition to the Motion to Compel.  On February 10, 2021, PuffCo filed a Reply in support of its Motion to Compel.  (Dkt. No. 89.)  On February 23, 2021, the Court vacated the hearing on the unopposed Motion to Compel and issued an Order granting PuffCo's Motion to Compel and authorizing PuffCo to file a motion for reasonable attorneys' fees incurred in bringing the Motion to Compel.  (Dkt. Nos. 90, 91).

On March 23, 2021, Puffco filed a Notice of Motion and Motion for Attorneys Fees ("Fee Motion") to recover its reasonable fees incurred in bringing the Motion to Compel.  (Dkt. No.  95.)  On March 24, 2021, Puffco filed a Notice of Motion and Motion for Contempt and Sanctions Against Non-party SHO Products, LLC (the "Contempt Motion").  (Dkt. No. 96.)  The Contempt Motion was unopposed.  On April 28, 2021, the Court held oral argument on the Fee Motion  and the Contempt Motion.  (Dkt. No. 100.)  At that hearing, the Court issued a tentative ruling indicating that the Court was inclined to grant Puff Co.'s request for attorneys' fees but would deny the Contempt Motion without prejudice and instead would allow PuffCo to file an application for an order to show cause why a contempt citation should not issue against SHO Products.  (*See* Dkt. No. 100.)

On April 30, 2021, the Court vacated its rulings on the Motion to Compel and Fee Motion (the "April 30 Order") after determining that the only remedy to enforce a subpoena issued to a non-party that wholly fails to respond is through an action for contempt pursuant to Federal Rule of Civil Procedure 45(e).  (Dkt. No. 101.)  *See also, e.g., Delis v. Sionix Corp*, Case No. SACV 13-1547 AG (RNBx), 2015 WL 12733439, at * 2 (C.D. Cal.  Mar. 12, 2015).  The April 30 Order also provided that, in the interest of justice, the Court would construe the Contempt Motion as an application for an order show cause why non-party SHO Products should not be found in contempt for its failure to comply with the Subpoena.  (*Id.*)
\\

\\

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-358-GW (KSx)                                                                 Date: May 3, 2021

Title       _Kandypens, Inc. v. Puff Corp._

**DISCUSSION**

**A. Legal Standard**

Federal Rule of Civil Procedure 45 governs subpoenas issued to a non-party. Although Rule 45 permits "a party serving a subpoena to move to compel the production of documents responsive to the subpoena in the face of an objection to production" where, as here, the non-party does not timely serve any objections to the subpoena, "no other provision in Rule 45 contemplates the filing of a motion (or petition) to compel compliance with a subpoena. The only sanction available where a non-party witness fails without adequate excuse to obey a subpoena is a contempt citation." _Vincent v. BCC Partners, LLC,_ Case No. SACV 12-142-DOC (RNBx), 2012 WL 12893998, at *1 (C.D. Cal. Feb. 9, 2012) (citing FED. R. CIV. P. 45(e)). "A court may initiate contempt proceedings through an OSC why a contempt citation should not issue." _Delis v. Sionix Corp.,_ 2015 WL 12733439, at * 2 (citing _Federal Trade Comm'n v. Enforma Natural Prods., Inc.,_ 362 F.3d 1204, 1218 (9th Cir. 2004)).

**B. An Order to Show Cause is Warranted**

Based on a thorough review of the files and records in this action, including the statements and arguments of PuffCo counsel at discovery conferences and hearings concerning this matter,[1] the Court has enough verified information to support issuing an Order to Show Cause ("OSC") against non-party SHO Products for failing to comply with the Subpoena. The record reflects that SHO Products has wholly ignored the Subpoena without providing any excuse or rationale for its refusal to comply with the Subpoena, served no objections to the Subpoena, and has refused to communicate with PuffCo's counsel regarding the Subpoena. (_See, e.g._, Contempt Motion at 8.)

**Accordingly, the Court orders non-party SHO Products, LLC to show cause, within seven (7) court days of the date of this Order, why it should not be held in contempt for failing to comply with the Subpoena.** To discharge the instant Order, within seven (7) days of the date of this Order, SHO Products, LLC shall do <u>one</u> of the following:

(1) Serve upon Puff Corporation all documents responsive to the Subpoena and file a proof of service of same with the Court. Because SHO Products failed to timely respond to

---

[1]   The Court takes judicial notice of the files and records in this action pertaining to the Subpoena in issuing this OSC, including the Declarations of Colin Dailey and related exhibits filed in support of the Motion to Compel (Dkt. No. 88) and Contempt Motion (Dkt. No. 96). FED. R. EVID. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-358-GW (KSx)                                               Date: May 3, 2021

Title      *Kandypens, Inc. v. Puff Corp.*

the Subpoena or serve any objections to the Subpoena, pursuant to Federal Rule of Civil Procedure 45, all objections, including those based on privilege, are waived; OR

(2) File an affidavit of no more than three (3) pages signed under penalty of perjury by SHO Products' managing agent or counsel, and supported by admissible evidence demonstrating that SHO Products LLC was not properly served with the Subpoena.

**Failure to timely comply with this Order to Show Cause, will result in the Magistrate Judge certifying this matter to the District Judge for an order of contempt against SHO Products for failure to comply with a Court Order.**

The Deputy Clerk is directed to serve this Order **via certified mail** upon SHO Products LLC **at both** the business address listed with the California Secretary of State (1242 Valencia Street, Los Angeles, California 90015) AND the address of its registered agent, CEO and LLC Manager, Mr. Samuel Jurist, as listed on the Statement of Information filed with the California Secretary of State's Office, 757 Ocean Avenue, Santa Monica, California 90402.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |